**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTOINE'S RESTAURANT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-229** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings,[1] filed by the Defendants, Certain Underwriters at Lloyd's, London, subscribing to Policy No. VNB-CN-0000223-05, Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, Interstate Fire and Casualty Company, Independent Specialty Insurance Company, and Velocity Risk Underwriters, LLC (collectively "Defendants"). Plaintiff Antoine's Restaurant, LLC filed an untimely opposition to this Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff originally filed this action on September 16, 2022 in the Civil District Court for the Parish of Orleans, State of Louisiana seeking to recover damages against Defendants for Defendants' alleged failure to pay Plaintiff's insurance claims

---

[1] R. Doc. 7.

[2] R. Doc. 11. Given that the Motion was set for submission on February 7, 2023, Plaintiff's response was due eight days prior on January 30, 2023. *See* E.D. La. LR 7.5. Plaintiff did not file a response until February 10, 2023. Plaintiff did not seek leave for late submission of their response, nor did Plaintiff provide any reason for their failure to timely respond to the Motion.

for Hurricane Ida-related damage to Plaintiff's properties.[3]   Defendants timely removed the case to this Court on January 17, 2023 pursuant to 9 U.S.C. § 205, alleging that this action relates to an arbitration agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[4] Shortly thereafter, Defendants filed the instant Motion as well as a Motion to Opt Out of Streamlined Settlement Program.[5]   On February 24, 2023, the assigned United States Magistrate Judge granted the latter motion, allowing the parties to opt out of the Court's Streamlined Settlement Program ("SSP") as part of the Court's Hurricane Ida Case Management Order.[6]   Accordingly, this case is not subject to the SSP and is a part of the Court's regular docket.

Defendants argue that this Court should order the parties to arbitrate this dispute pursuant to an arbitration provision in the insurance policy between Plaintiff and Defendants.   Defendants contend that the arbitration agreement is valid and binding and must be enforced pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").   Accordingly, Defendants move this Court to compel arbitration and to stay this litigation, pending arbitration.

Although Plaintiff untimely responded to the present Motion, the Court will consider Plaintiff's arguments. Plaintiff asserts that the Court should deny arbitration in favor of mandating the parties to participate in the Court's Hurricane

---

[3] *See* R. Doc. 1-1.
[4] R. Doc. 1.
[5] R. Doc. 6; R. Doc. 7.
[6] *See* R. Doc. 12.

Ida SSP.  Plaintiff contends that participation in the SSP will be more economical and more efficient than arbitration in Nashville, Tennessee.  Plaintiff does not address Defendants' arguments that this case is subject to arbitration pursuant to the arbitration clause in Plaintiff's insurance policy nor does Plaintiff dispute that the Convention applies to Plaintiff's insurance policy.

## II.   ANALYSIS

Although Louisiana law ordinarily prohibits enforcement of arbitration clauses concerning insurance disputes, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law.[7]  Section 201 of the Federal Arbitration Act provides that the Convention "shall be enforced in United States courts in accordance with this chapter."[8]   The Convention was ratified by Congress "to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[9]

Pursuant to the Convention, "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.'"[10]  Once

---

[7] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).

[8] 9 U.S.C. § 201.

[9] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

[10] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).

"these requirements are met, the Convention requires the district court [ ] to order arbitration," "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[11]

Defendants contend that all four criteria are met here.  Plaintiff does not address the Convention whatsoever.  Instead, Plaintiff suggests that arbitration is inappropriate because the Court's Hurricane Ida SSP would be less expensive and quicker than arbitration.[12]  Plaintiff's arguments appear to be more aptly directed to Defendants' Motion to Opt Out of Streamlined Settlement Program.[13]  Inasmuch as the Magistrate Judge has granted Defendants' Motion to Opt Out of Streamlined Settlement Program, Plaintiff's argument has been mooted.[14]  At this time, the parties are not subject to the SSP and the singular question before the Court is whether the arbitration clause in the insurance policy falls under the Convention, thereby compelling the parties to arbitrate their dispute.

The Court concurs with Defendants that the arbitration agreement is enforceable pursuant to the Convention.  Specifically, the Court finds that there is (1) a written agreement between the parties to arbitrate[15]; (2) the agreement calls for

---

[11] *Id.* (quoting *Francisco*, 293 F.3d at 273, then quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985)).

[12] *See* R. Doc. 11 at pp. 2–3.

[13] R. Doc. 6.

[14] *See* R. Doc. 12.

[15] The arbitration clause included in the agreement between the parties states that:

> All matters in dispute between the NAMED INSURED and the INSURER(S) (hereinafter referred to as "the parties") in relation to this insurance, including this POLICY'S formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

*See* R. Doc. 7-1 at p. 5.

arbitration in the United States—Nashville, Tennessee, specifically—which is a Convention signatory nation[16]; (3) the agreement relates to insurance and therefore arises from a commercial relationship; and (4) multiple Defendants, including the insurer-members subscribed to the Lloyd's of London policies at issue here, are citizens of foreign nations.[17]  Accordingly, given the satisfaction of each of the four required elements, the failure of Plaintiff to provide any reasons why the Convention does not apply to this dispute, and the clear contractual language mandating arbitration for any disputes between the parties, the Court finds it appropriate to grant Defendants' Motion to Compel Arbitration.

Further, pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[18]  Defendants have moved to stay this litigation upon the Court's ordering of the parties to arbitration.[19]  Because this Court finds that arbitration is mandatory in this case, the Court stays this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

---

[16] *See Freudensprung*, 379 F.3d at 339 ("[T]he United States is a signatory to the Convention[.]").
[17] *See* R. Doc. 1 at pp. 3–4.
[18] 9 U.S.C. § 3.
[19] *See* R. Doc. 7-1 at p. 14.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings[20] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of the parties, finds it appropriate to vacate the stay.

New Orleans, Louisiana, March 1, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[20] R. Doc. 7.