UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINE'S RESTAURANT, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-229 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL. | SECTION: D (4) |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of Order and Reasons (R. Doc. 13) and/or in the Alternative Motion to Stay Arbitration Pending Fifth Circuit Court's Handling of Directly Related and Conflicted Legal Decisions filed by the Plaintiffs, Antoine's Restaurant, LLC and Antoine's Properties No. 1, LLC.[1] The Defendants, Certain Underwriters at Lloyd's, London, subscribing to Policy No. VNB-CN-0000223-05, Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Binding Authority No. B604510568622021, Interstate Fire and Casualty Company, Independent Specialty Insurance Company, and Velocity Risk Underwriters, LLC (collectively "Defendants") filed a response in opposition to the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.     FACTUAL & PROCEDURAL BACKGROUND

On March 1, 2023, this Court granted Defendants' Motion to Compel Arbitration, finding that the arbitration provision contained in the insurance policy entered into between the Plaintiffs and the Defendants was both valid and

---

[1] R. Doc. 14.
[2] R. Doc. 15.

enforceable pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").[3] Accordingly, the Court ordered the parties to arbitrate this dispute and stayed the litigation pursuant to 9 U.S.C. § 3.[4]

Plaintiffs filed the instant Motion for Reconsideration on April 28, 2023, arguing for the first time that there exists "a conflict and split among the divisions of this Court . . . concerning the enforceability of arbitration provisions in insurance policies."[5] Plaintiffs contend that this Court should reconsider its prior Order and Reasons compelling arbitration in light of purportedly contrary decisions rendered by other courts in this district.[6] Alternatively, Plaintiffs argue that this Court should stay the arbitration proceedings pending the resolution of the appeals process of other cases with similar legal issues.[7]

The Defendants oppose the Motion, arguing that the cases cited by the Plaintiffs are not, as Plaintiffs suggest, in direct conflict with the Court's prior Order and Reasons in this case.[8] The Defendants point out that Plaintiffs' cited cases do not involve application of the Convention and only concern whether Louisiana law prohibits the enforcement of arbitration provisions in insurance contracts with domestic insurers.[9] The Defendants further note that the Fifth Circuit has squarely held that "the McCarran-Ferguson Act does not cause Louisiana Revised Statute

---

[3] *See* R. Doc. 13.
[4] *See id.*
[5] R. Doc. 14-1 at p. 2.
[6] *See id.* at p. 4.
[7] *See id.* at pp. 4–5.
[8] *See* R. Doc. 15 at pp. 3–4.
[9] *See id.*

22:868 to reverse-preempt the Convention,"[10] and, thus, that Plaintiffs' suggestion that Louisiana law prohibits the enforcement of the arbitration provision at issue is without merit. Accordingly, the Defendants contend that the Court properly granted the Defendants' Motion to Compel Arbitration and that Plaintiffs' Motion should be denied.

## II.  LEGAL STANDARD

Because the Court's March 1, 2023 Order granting Defendants' Motion to Compel Arbitration was an interlocutory order, and because the Court has not entered a final judgment in this case, the Court finds it appropriate to construe Plaintiffs' Motion as a Rule 54(b) motion for reconsideration of an interlocutory order rather than as a Rule 59(e) motion, as Plaintiffs argue.[11] "It is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion."[12] Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[13]

The broad authority to reconsider an interlocutory order under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of

---

[10] *See id.* at p. 2.
[11] *See* R. Doc. 14-1 at pp. 3–4; *see also Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F.4th 1005, 1009 (5th Cir. 2022) ("[O]rders compelling arbitration that stay and administratively close a civil action pending arbitration are interlocutory and unappealable.").
[12] *Holoway v. Triola*, 172 F.3d 866, at *1 (5th Cir. 1999) (per curiam).
[13] Fed. R. Civ. P. 54(b).

orders and the resulting burdens and delays."[14] To that end, courts in this district evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards as a Rule 59(e) motion to alter or amend a judgment.[15] "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[16]

Like Rule 59(e) motions, Rule 54(b) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[17]

## III. ANALYSIS

Plaintiffs argue that reconsideration of the Court's prior Order and Reasons compelling arbitration in this matter is warranted because there is a split of authority in this district regarding enforcement of arbitration provisions in insurance contracts.[18] Moreover, the Plaintiffs claim that the Court's Order is contrary to the

---

[14] *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013) (Brown, J.) (citing 18B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4478.1 (2d ed. 2002)).
[15] *Id.* at 565 (citations omitted).
[16] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
[17] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *accord SnoWizard Holdings*, 921 F. Supp. 2d at 565.
[18] *See* R. Doc. 14-1 at p. 2 (citing *Fairway Village Condominiums v. Independent Specialty Ins. Co.*, 2023 WL 2866944 (E.D. La. Apr. 10, 2023); *Next Level Hospitality LLC v. Independent Specialty Ins. Co.*, 2023 WL 2771583 (E.D. La. March 31, 2023); *Acad. of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London*, 2023 WL 246832 (Jan. 18, 2023); *Certain Underwriters at Lloyd's*

decision of another section of this Court.[19]  Plaintiffs provide no substantive argument as to how the Court allegedly erred in ordering arbitration in this matter, instead only generically claiming that the Court "manifestly erred" in granting the Defendants' Motion.[20]

    The mere fact that an Order of this Court either conflicts with or is inconsistent with that of another section of this court does not, standing alone, justify reconsideration of an Order.  Although the Court greatly respects the decisions of the other sections of the court, the Court is in no way bound to follow those decisions.  This Court considered the arguments of the parties and the applicable law and found that arbitration was warranted pursuant to the Convention.  That another section might have reached the opposite conclusion demonstrates only a difference in opinion, not a manifest error of law warranting reconsideration.

    The larger problem with Plaintiffs' argument is that the supposed "conflict" in opinions within this court does not actually exist.  Plaintiffs manufacture a dispute based on a misreading of the cited cases and misunderstanding of the relevant legal framework.  Plaintiffs cite to two cases[21] which it alleges conflict with this Court's Order.  What Plaintiffs fail to grasp, however, is that none of the defendants in those cases were foreign insurers, thus rendering the Convention inapplicable.  This case, however, involves application of the Convention as one or more of the insurer-

---

*London v. Belmont Commons L.L.C.*, 223 WL 105337 (E.D. La. Jan. 4, 2023); *Bufkin Enterprises LLC v. Indian Harbor Ins. Co.*, 2023 WL 239-3700 (W.D. La. March 7, 2023)).
[19] *See id.*
[20] *See id.*
[21] *Fairway Village Condominiums*, 2023 WL 2866944; *Next Level Hospitality*, 2023 WL 2771583.

Defendants is a foreign insurer. As the Court previously noted, although Louisiana law ordinarily prohibits enforcement of arbitration clauses in cases concerning insurance disputes, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law.[22] Thus, when an insurer-defendant is a foreign entity, the Convention applies and Louisiana law does not bar the enforcement of arbitration provisions. Accordingly, none of the cases cited by the Plaintiffs have any bearing whatsoever on the case at bar or on the Court's analysis contained in its prior Order and Reasons. Plaintiffs have shown no reason for this Court to reconsider its prior Order compelling arbitration in this matter.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration[23] is **DENIED**.

New Orleans, Louisiana, June 1, 2023.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[22] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).
[23] R. Doc. 14.